## VALLEY CITY MILLING CO. *v.* PRANGE.

CONTRACT—SALE—INDEFINITE QUANTITY—FAILURE OF CONSIDERATION.

> Where one having a contract for graveling and improving a certain street, after examining land from which gravel had been taken, gave his notes for a certain sum in payment for the "privilege of removing, for graveling such street, 4,500 yards of gravel, more or less," the seller refusing to guarantee the quantity or quality, he cannot defeat an action on the notes by showing that the gravel found was not sufficient in quantity nor suitable in quality for all his purposes.

Case made from Kent; Grove, J. Submitted February 1, 1900. Decided March 6, 1900.

*Assumpsit* by the Valley City Milling Company against Albert H. Prange upon promissory notes. There was a judgment for plaintiff, and defendant assigns error. Affirmed.

This case was tried before the court without a jury. The suit is based upon two promissory notes for $200 each. With the plea of the general issue, defendant gave notice that he would show that said notes were given by virtue of a certain contract for the sale of gravel by the plaintiff to the defendant; that said plaintiff represented to him, through its agent, that there was a large amount of gravel, suitable in quality and sufficient in quantity for the purpose for which it was purchased; and that these representations were false and fraudulent. The court made a finding of facts and law, and entered judgment for plaintiff. The facts found, so far as they are material to state, are as follows: The contract provided "that, in consideration of the sum of $400.00, the parties of the first part grant to the party of the second part the privilege to remove from their farm, adjoining the city on the north, for graveling Plainfield avenue, four thousand five hundred yards of gravel, more or less." The contract described the land, and excepted a parcel of 100 feet frontage by 110 feet deep, worked by Woodworth & Fairbanks, and gave defendant the right to obtain gravel from this parcel, provided it was abandoned by Woodworth & Fairbanks for a period of two weeks. It then provided for the giving of the notes, and for the disposal of the refuse and surplus dirt by the defendant. The further findings are as follows:

" I further find that, prior to entering into said contract, the defendant, by himself or his agents, examined the ground and premises described in said contract, with reference to the gravel which might be therein, and that, in entering into said contract, the defendant relied upon the examination made by himself or his agents for that purpose; that the said defendant has been for many years a contractor engaged in the public works in the city of

Grand Rapids, such as the building of sewers, and grading and graveling of the public streets. I further find that the said plaintiff did not, by its manager, William N. Rowe, or otherwise, represent or pretend to the defendant that in the place mentioned in the contract there was an amount of gravel sufficient for the use of defendant for the purpose of graveling and improving Plainfield avenue, and that the said Rowe did not represent or pretend to the defendant that, if the defendant would remove the refuse and sand from said premises, he would find sufficient gravel of the kind and quality required for the purpose of the improvement of Plainfield avenue, for the making of which improvements said defendant had a contract. I further find that the defendant did not rely upon any representations or statements of the plaintiff as to the amount or kind of gravel there might be upon said lands, in making and executing the contract and notes hereinbefore described. I further find that the plaintiff did not warrant to the defendant that in the place mentioned in the contract, after removing the refuse and sand from the surface which was left by others after removing gravel therefrom, the defendant would find 4,500 yards of gravel, or any other specific quantity, for the improvement of Plainfield avenue under the contract which defendant had with the city of Grand Rapids therefor. I further find that said plaintiff and its agents did not know how much gravel was on said premises, nor what kinds of gravel could be found thereon, and did not state or represent to the defendant or his agents in any way that there was any particular amount or particular kind of gravel thereon, beyond what appeared on the surface thereof, or in excavations which had been made thereon prior to the making of said contract; and that the means of obtaining knowledge as to the kinds and quantity of gravel upon said premises prior to and at the time of making said contract was equally at the command of said defendant as of said plaintiff, and that said defendant did, by himself or his agents, make such examination as he desired before entering into said contract and making said notes, and relied upon such examination, and not upon any statements or representations made by plaintiff."

The only finding of law was that the plaintiff was entitled to judgment. To this finding defendant proposed amendments, asking the court to find to the contrary all

the material facts set forth in the finding. This was refused. The defendant alleged exceptions to such refusal, and to the facts as found.

*Birney Hoyt*, for appellant.

*Bundy & Travis*, for appellee.

GRANT, J. (*after stating the facts*). One Reed was the subcontractor under Prange to furnish the gravel. Defendant's counsel insists that there was no evidence that Reed was Mr. Prange's agent, or that Mr. Prange, either through himself or his agent, made an examination of the gravel-pit prior to the execution of the contract. Counsel also objects to the finding that Rowe, plaintiff's agent, did not represent that defendant would find sufficient gravel of the kind and quality required for the purpose of the improvement of Plainfield avenue. We think there was ample testimony upon which to base the finding. There was a clear conflict in the evidence, and a substantial denial by Mr. Rowe of the representations charged to have been made by him. Counsel seeks to bring this case within the doctrine of *Gibson* v. *Pelkie*, 37 Mich. 380. To bring the case within the rule there enunciated, it must conclusively appear that there was no subject-matter for the contract. The same principle is found in *Gribben* v. *Atkinson*, 64 Mich. 651 (31 N. W. 570), where parties contracted with reference to the mutual belief that there was iron ore in the land. It was found that there was none. These cases, however, do not govern this. Here there was gravel suitable for one of the purposes for which it was intended. Plaintiff refused to sell by the load, for reasons which appeared to be satisfactory to both parties. The defendant had the right to remove the shade trees upon the place, and to dig up the surface, in order to find and remove the gravel. Plaintiff refused to guarantee the quantity or the quality, but offered to sell the defendant the right to remove all the gravel upon the premises, if sufficient could be found for the purpose for

which the defendant wanted it. He, through his agents, made an investigation. He was willing to assume the risk, and made the contract with the distinct understanding that the land might not contain gravel of the quantity and quality desired. There was no total failure of the subject-matter, such as constitutes a failure or lack of good consideration.

Judgment is affirmed.

The other Justices concurred.